

Randall S. MacTough
Phone: (302) 421-6812
Fax: (302) 421-5877
randall.mactough@saul.com
www.saul.com

March 11, 2020

The Honorable Robert D. Mariani
U.S. District Court
Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, Pennsylvania 18501-1148

    Re:    **Hunt v. Transamerica Life Insurance Co., C.A. No. 1:17 cv 000153 (RDM) (D. Del.)**

Dear Judge Mariani,

    The following is offered in reply to attorney Joseph's letter dated March 10, 2020 (Doc. 66), regarding Transamerica's requests that the Court reconsider its decision with respect to interrogatory numbers 9 and 23 and enter a protective order.

    The docket and Amended Complaint in this case make it abundantly clear that this is a simple contract case from 2017 involving a $150,000 life-insurance policy. The dispute surrounds the parties' differing interpretations of the terms governing reinstatement of the policy following a lapse for nonpayment of premium, which occurred twice before Mr. Hunt passed away. On the first of those occasions, Mr. Hunt followed the policy's reinstatement procedures as Transamerica interprets them and the policy was reinstated. Mr. Hunt, however, undisputedly failed to follow those same procedures on the second occasion, and the policy was never reinstated prior to Mr. Hunt's death.

    Despite the straightforward nature of this contract case, the outcome of which depends on the Court's interpretation of the policy's terms and conditions, Plaintiffs insist on pressing forward with ancillary and burdensome discovery in the third year of the case and after numerous extensions of the discovery deadline. While the Court unquestionably permitted Plaintiffs to the discovery at issue, it did so without the benefit of any evidence regarding the efforts it would take to respond to Plaintiffs' request, *and solely in the context of deposition questions*. *See In re Hechinger Inv. Co. of Del.*, 303 B.R. 18, 23 (D. Del. 2003) (citing *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990)) (motions for reconsideration

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 ♦ Wilmington, DE 19801

36683238.3 03/11/2020 DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

should be granted if it appears a decision was made "outside the adversarial issues presented by the parties . . . .").

At the outset, Plaintiffs' description of the discovery requested in interrogatories 9 and 23 as "vital records" that "plaintiffs need badly" is belied by the record. (Doc. 66 at 1). Plaintiffs never filed a single motion to compel responses to those interrogatories. Nor did Plaintiffs timely request a conference with the Court because of how "badly" they needed this discovery after they had possessed Transamerica's objections for many months. In fact, the present issue only arose in the context of topics the Plaintiffs wanted to ask questions about during a Rule 30(b)(6) deposition, and after the discovery deadlines imposed by the Court had been extended several times. (See Doc. 56). Certainly, the Court could have overruled Transamerica's objections to those interrogatories and allowed Plaintiffs' counsel to probe the topic without compelling the production of documents, as discovery had already ended and the Federal Rules permit discovery to proceed in any sequence. Fed. R. Civ. P. 26(d)(3). Moreover, and contrary to Plaintiffs' suggestion (see Doc. 66 at 2), the Federal Rules do not require evidence to be produced in support of legal objections to written discovery. The fact is that Plaintiffs never raised any concerns over Transamerica's objections to discovery until two days before the two-year discovery period was closing for what Transamerica reasonably expected to be the final time. (See Docs. 55 & 56).

Plaintiffs' characterization of interrogatories 9 and 23 also echoes Defendant's concern that "Plaintiffs are attempting to use Rule 30(b)(6) as a way to back door additional discovery" after the time for producing documents had passed.[1] (Doc. 63 at 1). In fact, Plaintiffs are now using their discovery tactics to try to force a settlement for the full value of the insurance policy. (See Doc. 66 at 2 ("If Transamerica is being candid about the alleged exceeding $5 million cost to comply with the Court's order . . . there's an easy, most practical solution: pay plaintiffs the policy death benefits amount of $150,000 and thereby save millions.")). Plaintiffs' position demonstrates precisely why the Rules only allow discovery that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Regardless of how counsel portrays his client's personal situation, this case has little value in comparison to the extraordinary cost to Defendant of having to try to respond to discovery *that is only relevant if Plaintiffs withstand summary judgment on*

---

[1] As the exhibits attached to Transamerica's January 15, 2020 letter (Doc. 56) demonstrated, Transamerica offered Plaintiffs and their counsel every courtesy, yet Plaintiffs, through counsel, delayed efforts to complete discovery within the Court's established deadlines. This most recent issue first arose when, two days before discovery was closing (again) and after failing to work with Transamerica to attempt to resolve the deposition issues well in advance, Plaintiffs' pro hac counsel asked to move forward with scheduling the remaining depositions. *See id.*

*their breach-of-contract claim*.² The discovery, as argued by Defendant, is simply not proportional to the needs of the case. (See Deft's. Mar. 3, 2020 Letter, filed under seal).

The Affidavit of Mr. Hendel attached to Plaintiffs' March 10, 2020 letter also does nothing to contradict or undermine the statements made under oath by Jeffrey Barrett Gates. Mr. Hendel has no first-hand knowledge of Transamerica's computer systems or its files and his affidavit is pure speculation at best. Furthermore, to follow the path Plaintiffs suggest this late in the game and require Defendant to produce e-discovery so that a third-party examiner could search through Defendant's confidential files (that include private and confidential information about other insureds) would not bring this case any closer to finality. The case would be dragged out even longer, costs would increase, and a host of other issues would undoubtedly arise.

In sum, the *only* credible evidence demonstrates that the burden in responding to Plaintiffs' Interrogatories 9 and 23 *grossly* outweigh any likely benefit of producing the material. *See* Fed. R. Civ. P. 26(b)(1). That is particularly true given the fact that the requested discovery has nothing to do with Transamerica's liability under the policy, which is the principal legal issue in the case.

We look forward to working with the Court to resolve the issues raised in counsel's letters.

Very truly yours,

/s/ *Randall S. MacTough*

Randall S. MacTough (#6108)

cc: Robert L. Hawkins, Jr.
    Willan F. Joseph

---

² For this reason, the Court, at minimum, should stay Defendant's requirement to respond to this discovery pending resolution of a dispositive motion that Defendant intends to file on the breach-of-contract claim.